MARGARET HARDIE et al., as Administrators of the Estate of WILLIAM HARDIE, Deceased, Respondents, *v.* CHARLES P. BOLAND COMPANY, Appellant.

Negligence — rule of res ipsa loquitur defined and explained — erroneous application of the rule.

1. The rule of *res ipsa loquitur* is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but that in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty and his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer.

2. Plaintiff's intestate, while standing upon a scaffold engaged in pointing up a chimney, was killed by being thrown from the scaffold by the collapse of the chimney which, in falling, carried the scaffold with it. The chimney was part of a building which the defendant, as contractor, was erecting in accordance with plans made by architects who were employed by the owners of the premises. The case was submitted to the jury upon the distinct instruction that the fall of the chimney "itself is a witness" and "calls upon the defendant to make an explanation if it can;" in effect, instructing the jury that negligence was imputable to the defendant if there was any fault in the form or plan of the chimney, and that the mere fall of the chimney, unexplained by the defendant, was evidence of such negligence. *Held*, that the doctrine of *res ipsa loquitur*, thus invoked, has no application since the accident does not identify the wrongdoer. That while the fall of the chimney, in these circumstances, may be *prima facie* evidence of the negligence of the architects, it cannot support a charge of negligence against the defendant, unless supplemented by proof showing that the plan was so obviously defective that a contractor of average skill and ordinary prudence would not have attempted the construction according to the plan.

*Hardie* v. *Boland Co.*, 147 App. Div. 926, reversed.

(Argued March 2, 1912; decided April 30, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered November 17, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Reass* for appellant. The doctrine of *res ipsa loquitur* is not applicable to the facts in this case. (*Schlappendorf* v. *A. R. T. Co.*, 127 N. Y. Supp. 47; 142 App. Div. 554; *Henson* v. *L. V. R. R. Co.*, 194 N. Y. 205; *Scott* v. *Nauss Bros. Co.*, 126 N. Y. Supp. 23; *Dittmar* v. *E. E. Ill. Co.*, 125 App. Div. 691; *Moren* v. *Munson S. S. Line*, 81 N. Y. Supp. 612; *Fink* v. *Slade*, 72 N. Y. Supp. 824; *Robinson* v. *C. Gas Co.*, 194 N. Y. 37.)

*John B. Holmes* and *Edgar T. Brackett* for respondents. The principle of *res ipsa loquitur* applies to this case, and the charge of the court was correct upon that question. (*Travers* v. *Murray*, 87 App. Div. 552; *Griffin* v. *Manice*, 166 N. Y. 188; *Green* v. *Banta*, 16 J. & S. 156; 97 N. Y. 627; *Stewart* v. *Ferguson*, 164 N. Y. 553; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297; *Duerr* v. *C. Gas Co.*, 86 App. Div. 14; *D'Arcy* v. *W. E. Ry. Co.*, 82 App. Div. 263; *Smith* v. *B. H. R. R. Co.*, 82 App. Div. 531; *Schneider* v. *American Bridge Co.*, 78 App. Div. 163; *Allen* v. *United Traction Co.*, 67 App. Div. 363.)

WERNER, J. The intestate of the plaintiffs met his death on the 6th day of October, 1909, through the collapse of a chimney which he was engaged in "pointing" or finishing as an employee of the defendant, an independent contractor. The falling chimney carried with it the scaffold upon which the deceased was at work, and he was thrown to the ground, from a height of about fifty feet, with such force as to cause instant death. His representatives seek to hold his employer responsible in damages, and at Trial Term they recovered a verdict

which the Appellate Division has upheld by a divided court.

The important question upon this appeal is whether the rule of *res ipsa loquitur* applies, for that is the theory upon which the case was submitted to the jury, and the applicability of that rule depends upon a few facts as to which there is no dispute.

The complaint is framed upon the dual hypothesis that there was fault in the construction of the chimney, and of the scaffolding built around it, as well as negligence in the conduct of other work which caused the chimney to fall. It contains no specifications as to the alleged faults of construction in the chimney and scaffold beyond the general statement that the chimney was constructed in a defective, dangerous and careless manner, and that the scaffold was unsafe, unsuitable and improper, but it specifies with particularity, as one ground of negligence, that the defendant negligently attempted to break a large concrete lintel by raising it with a derrick and then dropping it to the earth, thus violently jarring the foundations of the chimney, and causing it and the scaffold to fall.

The evidence introduced in support of these allegations need not be considered in detail. There was testimony designed to establish the defendant's negligence in breaking the concrete lintel by dropping it from such a height as to shake the foundations of the adjacent structures, including the chimney in which the mortar was still fresh and unset. There was also some testimony in support of the contention that the defendant had been negligent in omitting to construct a roof brace for the chimney. The case was not submitted upon either of these theories, however, but upon the distinct instruction "that the thing itself is a witness" and "calls upon the defendant to make an explanation if it can." In referring to the rule of *res ipsa loquitur* the court charged: "When that doctrine is applicable to a case it means that there is a presumption that there was some defect, and that the

defendant would be able to explain the cause of the fall, what the defect was, better than the other party. It is, therefore, in the nature of circumstantial evidence that you will consider it, the fact of this fall without explanation, and it calls upon the defendant to make an explanation if it can." And, as if to emphasize this instruction, the court charged: "In this case there is no question of defective scaffold; there is no question of defective materials furnished to build this chimney with; no question of the skill of the men who actually did the work of laying the stones and brick; no question as to the cement or mortar whichever it was that was used. These materials were right and proper, so far as the proof shows, and you must, therefore, accept them as such." The plain inference to be drawn from these instructions is that the jury were not to consider the defendant as chargeable with negligence in respect of the quality or character of the materials and workmanship that entered into the construction of the chimney, but that negligence was imputable to the defendant if there was any fault in the form or plan of the chimney, and that the mere fall of the chimney, unexplained by the defendant, was evidence of such negligence. The error in these instructions, concerning the rule of *res ipsa loquitur*, will be clear to us all when we consider a few further facts.

The chimney which collapsed was part of a building which the defendant, as contractor, was erecting in accordance with plans made by architects who were employed by the owners of the premises. If it be assumed that the plan relating to this chimney was defective, and that the chimney collapsed solely because of the defects in the plan, the mere happening of the accident proves no negligence against the defendant. The fall of the chimney in these circumstances may be *prima facie* evidence of the negligence of the architects, but it cannot support a charge of negligence against the defendant, unless supplemented by proof showing that

the plan was so obviously defective that a contractor of average skill and ordinary prudence would not have attempted the construction according to the plan. Under such conditions the rule of *res ipsa loquitur* has no application, for the thing speaks not of the negligence of the defendant, but of negligence which may be imputable to some one else. Very aptly have Shearman and Redfield stated the principle upon which the rule is founded: "It is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred, contain, *without further proof*, sufficient evidence of the defendant's duty and his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer." (Shearm. & Redf. on Neg. [4th ed.] § 59.) The force and correctness of these observations are very clearly brought out by Judge CULLEN in an illustration suggested by him in *Griffen* v. *Manice* (166 N.Y. 188, 193), where he said: "It is not the injury, but the manner and circumstances of the injury, that justify the application of the maxim and the inference of negligence. If a passenger in a car is injured by striking the seat in front of him, that of itself authorizes no inference of negligence. If it be shown, however, that he was precipitated against the seat by reason of the train coming in collision with another train or in consequence of the car being derailed, the presumption of negligence arises." And so, in the case at bar, if the attendant circumstances were such as to give rise to the inference either that there was some defect in the workmanship or material furnished for this chimney by the defendant, or that the plan of construction was so obviously faulty as to put a careful and competent contractor upon inquiry, the mere happening of the accident would be enough to put upon the defend-

ant the duty of explanation, or the burden of liability in the event of failure to explain. But that is not the case. The defendant's workmanship and materials were above criticism, and the jury were so instructed. So far as is known the work was done without deviating from the plans which had been drawn by competent architects for the owner. In these circumstances the mere happening of the accident raised no presumption of negligence against the defendant, for it proved nothing beyond the fact that some one, presumably the architects, had blundered. There were two actors, the architects and the contractor, and the accident may have been due wholly to the negligence of the former. In such a case *res ipsa loquitur* is inapplicable (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380, 385), for the accident does not identify the wrongdoer. (*Wolf* v. *Am. Tract Soc.*, 164 N. Y. 30.) If causes other than the negligence of the defendant might have produced the accident, the plaintiffs were bound to exclude the operation of such causes by a fair preponderance of the evidence. (*Wadsworth* v. *Boston El. Ry. Co.*, 182 Mass. 572.) When either one of two persons, wholly independent of each other, may be responsible for an injury, the case is one for affirmative proof and not for presumption. (*Harrison* v. *Sutter Street Ry. Co.*, 134 Cal. 549.)

The learned trial justice evidently realized the difficulty of applying the rule of *res ipsa loquitur* to the case at bar, for after he had charged that it was applicable he proceeded to instruct the jury as to the measure of defendant's duty and responsibility as follows: "The question, then, for you to answer is this: Whether or not the chimney which was constructed had a defect which this defendant ought to have realized and knew was a dangerous defect in using reasonable care and judgment as a contractor. The contractor is presumed to know his business. But unless the defect was such a defect as he ought to have realized and known about it, which he

ought to have anticipated and thus have avoided the injury, then there is no negligence even though the chimney fell. Upon that question you may consider the fact that this building was being erected upon plans that had been furnished by another, and under the evidence in the case you will find that it was erected under those plans. With those plans, and erecting the chimney according to those plans, ought the defendant to have realized that that was a dangerous construction? If so, then it was negligent, and did not perform its duty; if not, then the defendant was not negligent." These latter instructions, and others to the same effect, stated the correct rule for such a case as this, but they are so intermingled with the others relating to *res ipsa loquitur* that we think the jury could not have had a clear and intelligent idea of the principles of law upon which they were to base their verdict.

There are other questions in this case, but the only one which we consider and decide arises upon the appellant's exception to that portion of the charge submitting the case to the jury under the rule of *res ipsa loquitur*. That exception we regard as fatal to the validity of this judgment, and, therefore, it must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.