HENRIETTE GOELET, Plaintiff, v. F. W. WOOLWORTH COMPANY, Defendant.

City Court of New York, Trial Term, Bronx County, December 2, 1936.

*Samuel Kislak*, for the plaintiff.

*Kenneth W. Greenawalt*, for the defendant.

DONNELLY, J. The complaint alleges in two causes of action: (1) That defendant was negligent in that it sold glassware of a defective and dangerous character which contained loosely-connected particles of glass on the inside thereof; (2) that defendant breached its warranty in that it represented that it had glassware for sale of perfect quality that could be safely used in the consumption of liquid food.

On direct examination plaintiff testified she purchased six glasses in one of the defendant's stores. One of these glasses was produced, identified by her, and received in evidence. Upon her return home from the store after her purchase plaintiff· rinsed the glasses and turned them upside down to dry. The following morning she rinsed in hot water the glass in evidence, poured into it cold milk from a bottle, when " I felt a sharp prick in my throat like as though it were scratched and I immediately stopped drinking." Plaintiff continued: " We took a tea strainer and strained the milk into another glass and there wasn't anything in it. Of course, we picked up the glass and discovered that there was a thin sliver of glass missing from the glass."

On cross-examination plaintiff testified: " Q. What I asked you, Mrs. Goelet, is, did you know before your husband looked at this glass, whether or not there was any sliver of glass missing, as you claim? A. No, I did not. Q. Then how do you know whether or not that sliver, if there was one, was missing after you used the glass instead of before you used the glass? A. We used our natural intelligence and we saw there was a piece missing. I couldn't very well see the glass when it was imbedded in my stomach. Mr. Greenawalt: I move to strike that out. The Court: Strike it out. Q. What I asked you is, you don't know if there was a piece of glass missing, you don't know when it did become missing? A. No, I don't. Q. You testified on the previous trial, and, if I am incorrect, say so: ' Yes, and we immediately deducted I had swallowed a piece of glass, and got greatly alarmed.' So that this is all a matter of deduction, isn't it? A. Natural intelligence, I would say. Q. You don't know that ·you swallowed a piece of glass, do you? A. I don't know. I didn't see the glass coming out of my stomach. Q. If you did swallow a piece of glass, you don't know where it came from? A. I swallowed a piece of glass and it came from that glass. Q. You just deducted [*sic*] that? A. I used my natural intelligence. Q. What did you do with the milk bottle; have you got

that now? A. No. Q. Did you save it? A. No, I didn't. * * *
Q. Did you make any examination of the milk before you poured
it into the glass? A. No, I didn't."

From the foregoing it is evident that plaintiff's claim that her
injuries were caused by swallowing a piece of glass which was a
part of the drinking vessel she purchased from defendant is sheer
assumption. To sustain the allegations of her complaint it was
necessary for her to exclude the possibility of any intervening
cause of her injuries. It may be granted that whatever the sub-
stance was that pricked her throat it was in the glass at the time
she used it to drink the milk. But it was not established that this
substance was a sliver or a particle that became detached from the
drinking vessel. The substance may have come from the milk
bottle. I have not ignored plaintiff's testimony that " we took
a tea strainer and strained the milk into another glass and there
wasn't anything in it." But plaintiff also testified that she does not
know if there was a piece of glass missing from the drinking vessel,
when it did become missing. And she admitted that she testified
on the former " trial " that, when she drank the milk, she immedi-
ately " deducted " that she had swallowed a piece of glass. The
physician who examined plaintiff testified that he could find no
manifestation of plaintiff's having swallowed glass; that a fluro-
scopic examination of plaintiff, taken from her head to her lower
limbs, failed to disclose any glass in her body; that an X-ray which
he recommended was never taken; that what he prescribed for
plaintiff was to improve her anemic condition; that there were
any number of competent producing causes of what plaintiff com-
plained to him; that a fish bone, if swallowed, would be a competent
producing cause. There is a complete lack of medical proof to sustain
plaintiff's " deduction " that she swallowed a piece of glass. There
was no proof that any glass was found in her stools. Blood, if any,
found therein, could have been caused by many things other than a
piece of glass, and plaintiff's physician so testified. Any number of
other sources, causes and objects can readily be " imagined " and
" deducted," and no effort was made to exclude them. On the
previous " trial " of this action plaintiff testified, and it so appears
in the record at bar, that the thing that pricked her felt like a fish
bone. The possibility that a fish bone may have been the com-
petent producing cause was not only not excluded; on plaintiff's own
testimony it was included.

Plaintiff was bound to show, and not merely " deduce," that the
piece of glass which caused her injury came from the drinking
vessel she purchased from defendant. When some other cause

producing the injury might have existed, she was bound to exclude it. (*Bourcheix* v. *Willow Brook Dairy, Inc.*, 268 N. Y. 1, 7.) If a cause other than the negligence of the defendant might have produced the accident, plaintiff was bound to exclude the operation of such cause by a fair preponderance of the evidence. (*Hardie* v. *Boland Co.*, 205 N. Y. 336, 341.)

Defendant's motion to dismiss the complaint is granted; exception to plaintiff. Ten days' stay and thirty days to make and serve case.