CRUSE et al. v. SABINE TRANSP. CO., Inc.

No. 8069.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1937.

Rehearing Denied March 22, 1937.

Thomas H. Middleton, of New York City, Samuel C. Lipscomb, M. G. Adams, and Steve M. King, all of Beaumont, Tex., and Robert B. Todd, Harry F. Stiles, Jr., and Richard B. Montgomery, Jr., all of New Orleans, La., for appellants.

M. A. Grace, Edwin H. Grace, Daniel H. Grace, and Milton C. Grace, all of New Orleans, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The Sabine Transportation Company, Inc., owner of the tank steamship Rawleigh Warner, filed its petition in the District Court for limitation of liability, or exoneration therefrom, for damages caused by an explosion which occurred on board said vessel, enveloping it in flames and causing nine men to lose their lives. The ship, though badly damaged, was not wholly destroyed. A number of claims were presented to petitioner, and suits threatened, for damages exceeding by far the value of the steamship after the disaster.

Subsequent to the filing of said petition, claims and answers were filed by the owner of the cargo and by the legal representatives of those who lost their lives in the explosion. The issues having been made by the pleadings, the cause came on for trial before the district judge upon oral testimony on behalf of both petitioner and claimant. The trial was not concluded on this hearing, and the taking of further testimony by depositions was allowed by the court. After two additional hearings, the court entered a final decree which granted petitioner complete exoneration from liability.

The findings of fact by the court are amply supported by the evidence. They may be briefly summarized: On July 2, 1932, the Sabine Transportation Company, Inc., owners of the tank steamship Rawleigh Warner, entered into a charter party with American Mineral Spirits Corporation to transport a cargo of 39,000 barrels of water white products from Good Hope, La., to the charterer's plant at Carterette, N. J. The owners nominated said tank ship as the carrying vessel, and warranted it to be tight, staunch, and strong, and in every way fitted for the voyage.

On July 14, 1932, the chartered vessel arrived at Good Hope, La., to load the cargo (which was the property of the charterer) for transportation to New York City. On the evening of its arrival, the work of loading the vessel began. It continued during the night and into the early morning, first gasoline and then naphtha being loaded. About 6:10 a. m., July 15, the first explosion occurred, and flames enveloped the forward part of the ship from bridge to stem.

A few minutes before the explosion occurred, a negro workman in the employ of an independent contractor came on board with wrenches to disconnect the shore line through which the gasoline had been loaded. He had actually removed one of the iron bolts, and was about to remove another, when the explosion occurred, probably from a spark which this workman created. The officers and crew of the vessel had nothing to do with this work or workman, and the vapors, which were probably ignited by the spark, accumulated on the deck in the proper loading of the cargo. Unless the explosion was caused as found by the court, the cause is unknown.

Some of the claims filed herein are by representatives of deceased seamen, members of the crew; others for loss of life are by representatives of deceased employees of

independent contractors, who were at work on board and acting within the scope of their respective employments. There is also a claim by the charterer for loss of the cargo. We are concerned here solely with the question of petitioner's limitation of or exoneration from liability to these claimants.

The right to recover for death of a seaman is governed by the Merchant Marine Act § 33, 46 U.S.C.A. § 688, which allows the personal representative to recover upon proof of negligence. The burden of proof was upon the claimants to establish the negligence of appellee by a preponderance of the evidence, and this they failed to do. Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Baltimore Steamship Company et al. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L. Ed. 1069; New York Central R. Co. v. Ambrose, 280 U.S. 486, 50 S.Ct. 198, 74 L. Ed. 562; Kunschman v. U. S. (C.C.A.) 54 F.(2d) 987.

Likewise, the right of the representatives of the deceased employees of independent contractors to recover herein, although not governed by the Merchant Marine Act, cannot be sustained without proof of negligence on the part of appellee, a burden which they have failed to sustain.

If, in view of all the evidence, the cause of the explosion does not appear, appellants claim that this is a case for the application of the doctrine of res ipsa loquitur. We do not find in the circumstances attending the accident reasonable probability that the explosion was caused by the appellee's negligence, even if it be conceded that it was caused by negligence.

We do not think the doctrine of res ipsa loquitur is applicable, for the reason that, at the time of the explosion, the vessel was not in the exclusive control of its owners. We have seen that an employee of the loading contractor was on board, engaged in work which could have caused a spark igniting vapors on deck as a result of proper loading. Work was also being done by employees of other independent contractors, in pursuance of the terms and conditions of their respective contracts. The doctrine of res ipsa loquitur is never applicable where the circumstances of the accident do not identify the wrongdoer. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905;

Lucid v. E. I. Du Pont de Nemours Powder Co. (C.C.A. 9) 199 F. 377, L.R.A.1917E, 182; Actiesselskabet Ingrid v. Central R. Co. of New Jersey (C.C.A. 2) 216 F. 72, L.R.A.1916B, 716; Batson v. Western Union Telegraph Co. (C.C.A. 5) 75 F.(2d) 154; San Juan Light & T. Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680; Blanton v. Great Atlantic & Pacific Tea Co. (C.C.A.) 61 F.(2d) 427; Hardie v. Boland Co. (1912) 205 N.Y. 336, 98 N.E. 661; Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711.

What we have said about the absence of proof by claimants of negligence of the appellee, and the inapplicability of the doctrine of res ipsa loquitur, disposes of the claim for damages for loss of the cargo. The owner of the vessel was not an insurer of the cargo, and under no theory of the law of the case may it be held liable where the circumstances are not such as to warrant an inference of negligence by it which caused the loss of the cargo.

We find no reversible error in the record, and the decree of the District Court is affirmed.