## HOTEL DEMPSEY CO. v. TEEL
(two cases).

Nos. 10105, 10106.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1942.

Rehearing Denied July 22, 1942.

C. Baxter Jones and Charles J. Bloch, both of Macon, Ga., for appellant.

Van McKibben Lane, of Macon, Ga., and Blair Foster, of Atlanta, Ga., for appellees.

Before HOLMES and McCORD, Circuit Judges, and McDUFFIE, District Judge.

HOLMES, Circuit Judge.

Cause No. 10,105 is a suit by Mrs. Katherine Teel against the Hotel Dempsey Company, appellant, for damages for injuries she sustained while a guest in appellant's hotel. Cause No. 10,106 was brought by the husband of Mrs. Teel to recover damages for loss of his wife's services, and medical expenses incurred and paid by him, arising out of her injuries. A judgment upon a jury verdict was entered for each plaintiff, from which the Hotel Company has appealed.

The facts of each case are substantially identical, the suits were consolidated for trial below and argued here together, and the two appeals involve but a single question, which conveniently may be disposed of in one opinion. Appellant's contention is that there is no evidence to support the allegation that it was negligent, and that its motion for a directed verdict therefore should have been granted.

The accident occurred in this way: Mr. and Mrs. Teel registered at the hotel in Macon, Georgia, late one afternoon. That evening, after Mrs. Teel had retired for the night, she noticed that the shade of one of the windows was up. She got out of bed, walked to the window, and pulled the cord attached to the shade. As she did so, the shade and roller tumbled down upon her, enveloping her and causing her to fall. Neither she nor Mr. Teel had previously touched or attempted to manipulate the shade, but the bellboy who showed them to their room, and the guests who had occupied the room on the previous day, testified that they had operated the shade and that it worked satisfactorily. The room had been regularly inspected by a hotel employee that afternoon, at which time nothing was discovered to be out of order.

The shade was an ordinary type used on windows. It operated upon a spring roller that was set upon brackets affixed to the wall at the top of the window. After the accident the brackets were found to remain firmly attached to the wall.

■ Under the law of Georgia, an innkeeper owes to his patrons the duty to exercise ordinary care to afford them premises that are reasonably safe for use and occupancy.[1] Moreover, appellant acknowledges that no negligence may be attributed to the appellees in this case, and that the evidence justifies the inference that the shade was not resting securely in its brackets when Mrs. Teel pulled the cord. These admissions establish that the premises were not reasonably safe for use and occupancy, and that the unsafe condition was not caused by any fault or neglect on the part of the appellees. Therefore, appellees insist that the case is an appropriate one for the application of the res ipsa loquitur doctrine, that the jury applied the doctrine under proper instructions from the court, and that the judgment entered upon the verdict so reached should not be disturbed by this court.

■■ The doctrine of res ipsa loquitur is recognized and applied in the jurisprudence of Georgia. In the leading case of Chenall v. Palmer Brick Company, 117 Ga. 106, 43 S.E. 443, 445, the Supreme Court of Georgia stated the principle as follows: "All that the plaintiff should be required to do in the first instance is to show that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of, the thing doing the damage; that the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence. When he has shown this, he has cast a burden on the defendant, who may then proceed to show that the accident was occasioned by vis major, or by other causes for which he was not responsible." This court has interpreted the Georgia law to permit an inference of negligence against a defendant by showing that the offending instrument was wholly in the control of the defendant, that neither the plaintiff nor any one else had meddled with it, and that the occurrence was such as ordinarily would not happen without negligence.[2]

It goes without saying that the falling of the window shade was not an occurrence ordinarily happening without negligence, and the proof affirmatively shows that the shade had not been touched by either of the appellees. Appellant wholly failed to show that the occurrence was provoked by an external cause for which it was not re-

---

[1] Baker v. Dallas Hotel Co., 5 Cir., 73 F.2d 825; Holloman v. Henry Grady Hotel Co., 42 Ga.App. 347, 156 S.E. 275; 28 Am.Jur., Sec. 56.

[2] Blanton v. Great A. & P. Tea Co., 5 Cir., 61 F.2d 427, 429.

sponsible, and the jury elected to impute to the appellant negligence as an inference of fact. Therefore, the only difficulty in this case lies in determining whether the window shade was in the control of the appellant so as to entitle the appellees to invoke the res ipsa loquitur doctrine.

In pursuance of the duty imposed upon it by law, appellant regularly caused an inspection to be made of its rooms to ascertain that they were reasonably safe for occupancy. Such an investigation was conducted by the innkeeper after the departure of the prior occupants of the room and before it was let to appellees. A second examination of the rooms was made by the bellboy who delivered the room to the appellees. At the time these investigations were made, the room was in the exclusive control of the appellant, and the dangerous condition that caused the injury necessarily must have existed at that time, since appellees did nothing to cause it and no opportunity was afforded to any one else.

It thus appears from the evidence, as found by the jury, that appellant controlled and was responsible for the maintenance of the window shade; that no intervening agency had meddled with it; that the accident was of such nature as would not ordinarily result without negligence; and that the damage was not shown to be occasioned by any cause for which appellant was not responsible.

 The case was a proper one for application of the doctrine of res ipsa loquitur,[3] and the inference to be drawn was exclusively within the province of the jury.[4] This is the law of Georgia on this subject, which governs this case. The judgments appealed from are affirmed.

[3] Cf. Georgia R. & Electric Co. v. Harris, 1 Ga.App. 714, 57 S.E. 1076; Payne v. Rome Coca-Cola Bottling Co., 10 Ga.App. 762, 73 S.E. 1087; Atlanta Coca-Cola Bottling Co. v. Danneman, 25 Ga.App. 43, 102 S.E. 542; White v. Executive Committee, 65 Ga.App. 840, 16 S.E.2d 605; Wigmore on Evidence, Vol. 9, Sec. 2509; McKelvey on Evidence, Sec. 56 A.

[4] Blanton v. Great A. & P. Tea Co., 5 Cir., 61 F.2d 427; Cochrell v. Langley Mfg. Co., 5 Ga.App. 317, 63 S.E. 244; Bradfield v. Atlanta Coca-Cola Bottling Co., 24 Ga.App. 657, 101 S.E. 776; Palmer Brick Co. v. Chenall, 119 Ga. 837, 47 S.E. 329.