JOHANNA NEUHOFF, Respondent, *v.* RETLAW REALTY CORPORATION, Appellant.

Second Department, June 15, 1942.

*William B. Shelton,* for the appellant.
*George Ginsburg,* for the respondent.

TAYLOR, J. This action is brought to recover damages for personal injuries sustained by the plaintiff about four P. M. on October 27, 1938, when she was struck by a falling paint pail while lawfully on the sidewalk in front of the defendant's six-story apartment building, in which plaintiff was a tenant. Plaintiff had left the premises to go shopping and was upon the sidewalk, having taken a few steps thereon, when the accident happened.

The defendant rested without offering evidence, but made a motion to dismiss the complaint on the ground that no negligence on its part was established; which motion was denied over exception. As a matter of law, there was no contributory negligence on plaintiff's part.

On plaintiff's behalf evidence was offered that the falling paint pail which struck her was similar to pails which had been used by the defendant's workmen in connection with the decoration of apartments in the building; that such pails had been placed upon the roof of the apartment house, control of which, as one of the common facilities for tenants, remained in the defendant landlord; and that after the accident the defendant's superintendent took possession of the pail which caused the injury, and took it into the apartment house. The pail was not produced upon the trial. There was no direct evidence as to the cause of the fall of the paint pail which injured plaintiff.

A stipulated statement (Defendant's Exhibit A in evidence) reads as follows: " The plaintiff wrote a letter to the agent for the defendant to the effect that she was struck and injured by a paint pail which was thrown off the roof of defendant's premises by a boy. The information contained in the letter was received by the plaintiff from the defendant's superintendent." Manifestly the statements of plaintiff in the letter are without evidentiary force. The defendant's superintendent, examined before trial on plaintiff's behalf, testified that he was employed as such by defendant on the day of the accident and for two months prior thereto; that before the day of the accident painting and decorating had been done at the premises — in the first week of October, 1938; that the work was completed " about that week;" that the orders for the painting were " given at the office;" and that he, the superintendent, arrived at the scene of the accident a couple of minutes after it happened and saw a paint receptacle on the ground when he got there, but that he did not know how it fell.

The trial justice decided the issues of fact in favor of the plaintiff, awarding damages in the sum of $500. He held that the doctrine res ipsa loquitur applied. In our opinion, his ruling was correct. The occurrence of the accident and the attendant circumstances themselves furnished all the proof of negligence that the injured

person was able to offer, or that it was necessary to offer. (*Hardie v. Boland Co.*, 205 N. Y. 336, 340.)

If we reduce the situation disclosed in the record to its lowest terms, it is inferable from the evidence that painting had been done in the defendant's premises at its instance by its workmen; that the workmen had left empty paint pails, of the same character as the one which struck the plaintiff, on the roof of the apartment house; that one of those pails fell down and injured plaintiff, who was lawfully upon the sidewalk. The evidence, uncontradicted, was such that it warranted the inference that defendant had exclusive possession and control of the pail, exclusive knowledge of the care exercised in its control and management, and that the accident would not ordinarily have occurred without neglect of some duty owed by the defendant to the plaintiff. Therefore, the duty of coming forward with evidence to explain the occurrence was upon the defendant. (*Slater* v. *Barnes*, 241 N. Y. 284; *Gailbraith* v. *Busch*, 267 id. 230, 234. Cf. *Foltis, Inc.*, v. *City of New York*, 287 id. 108, 115.)

The decision of the trial justice in favor of the plaintiff is amply supported by evidence.

The judgment should be affirmed, with costs.

CARSWELL and JOHNSTON, JJ., concur; CLOSE, J., with whom LAZANSKY, P. J., concurs, dissents and votes to reverse the judgment and to grant a new trial, with opinion.

CLOSE, J. (dissenting). I dissent and vote to reverse the judgment and to grant a new trial. In my opinion the doctrine of *res ipsa loquitur* is not applicable to the facts in this case. The testimony establishes that the building from which the pail fell was an apartment house, the roof of which was used in common by all the tenants in the building for the purpose of hanging out their washing. It can be assumed that there was a parapet wall around it at least two feet high. (N. Y. City Adm. Code, § C26–444.0.) Assuming that it might be inferred from the evidence offered by the plaintiff that the paint pail belonged to the defendant and had been left on the roof, it could not fall to the street unless some force lifted it over the parapet wall. There is no proof that there were any unusual air currents or high winds. It follows that the force that lifted the pail over the parapet was exerted by some person. In such a case *res ipsa loquitur* is inapplicable. The mere happening of the accident fails to identify the wrongdoer. (*Hardie* v. *Boland Co.*, 205 N. Y. 336; *Foltis, Inc.*, v. *City of New York*, 287 id. 108.) Here, there is no " evidence of circumstances which show that the accident would not ordinarily have occurred with-

out neglect of some duty owed to the plaintiff." *(Foltis, Inc., v. City of New York, supra, p. 115.)* Wherein has the defendant committed any legal wrong? If to leave a pail on the roof is negligence, then the placing of any easily detachable appurtenance would likewise be negligence. It is more probable to assume that some mischievous person threw the pail over the parapet than to assume that by some mysterious force in the article itself it was hoisted up over the two feet of protective wall. *(Sandler* v. *Garrison,* 249 N. Y. 236.) To recover upon the *res ipsa loquitur* theory it was necessary for the plaintiff to prove not only that the agency producing the injury was in the exclusive control of the defendant, but also that " ' there was no other equally efficient proximate cause.' " *(Stasiukiewicz* v. *Marcus Contracting Co., Inc.,* 225 App. Div. 54.) This the plaintiff failed to do.

LAZANSKY, P. J., concurs with CLOSE, J.

Judgment affirmed, with costs.