**Leonard A. GOODWIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 424.

United States District Court
E. D. North Carolina,
New Bern Division.

June 7, 1956.

Luther Hamilton, Morehead City, N. C., for plaintiff.

Samuel A. Howard, Asst. U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., was brought to recover for the loss of a fishing vessel Baracota, personal injuries, mental suffering, loss of earnings, impairment of earning capacity, and medical expenses.

■ There can be little question of the Government's liability; and the real question involved concerns the amount to which the plaintiff is entitled.

On January 25, 1955, plaintiff owned the Baracota, a fishing vessel, and was engaged with it in "oystering" in Pamlico Sound. He was alone; at about 11:- 30 A.M. the vessel was struck from above, took water, and sank within a minute or so, in ten feet of water, about 100 yards from land, off Little Swan Island. The weather was bitter cold. At the time of the damage and sinking of the vessel, and for some time before, Government Marine Corps aircraft, stationed at Cherry Point, North Carolina, were engaged in authorized practice bombing missions approximately six miles northeast of the point where the Baracota was struck and sunk. While the evidence does not establish why one of these practice bombs fell so far off target, in my opinion it does establish clearly that one of them did strike plaintiff's vessel. It seems unnecessary to elaborate on such evidence. It is sufficient to say that no other inference is within reason. For example, Captain Stewart, Ordnance Officer at Cherry Point, testified that he was familiar with the type of projectile used in target practice, that shortly after the occurrence he examined a hole in the top of the vessel's cabin, and gave it as his opinion that the object which produced such hole was one of such practice bombs. There is other evidence of circumstantial nature which requires this conclusion. There can be no other sensible or logical one.

But the Government asserts that, even so, there is no proof of negligence. In my view, however, the fact itself under the doctrine of res ipsa loquitur, is sufficient to support a finding of negligence and in the absence of evidence as to the circumstances surrounding the occurrence leads inevitably to such conclusion. No citation of authority is needed to demonstrate the application of the res ipsa loquitur rule. I find that plaintiff's vessel was sunk and that plaintiff was injured by the negligence of defendant, as alleged.

■ The plaintiff sustained a total loss of his fishing vessel, together with equipment, as any possible salvage by raising it was out of the question for him. I find that the market value of the vessel, its furnishings and equipment, was $4,- 000.

Plaintiff claims no present physical disability but asks for damages to compensate him for the pain and suffering endured, loss of time, reduced earning power, and medical expenses.

Following the sinking of the vessel, plaintiff made the best of his precarious situation by climbing to the part of the

vessel which was not submerged, where he remained during the balance of the day, all of the following night and until about 9:00 A.M. the next day, when he was rescued. Swimming to shore was out of the question because of the weather situation and also because of the conditions with which he would have been confronted had he made it to shore, as probably he would have been forced, on account of the terrain, to spend the night during the cold in wet clothes. The plaintiff suffered physically and mentally by reason of his exposure to the extreme cold and for such suffering, physical and mental, loss of earnings, reduced earning power, and medical expenses, I find that he is entitled to recover $3,500.

A judgment in the amount of $7,500, with costs, in favor of the plaintiff will enter.