**Ilene L. ACKELSON, Appellant,**

v.

**Gloria BROWN, Appellee.**

**No. 16100.**

United States Court of Appeals
Eighth Circuit.

March 25, 1959.

---

544

Don G. Stubbs, Kansas City, Mo. (McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., were with him on the brief), for appellant.

Reed O. Gentry, Kansas City, Mo. (Rogers, Field, Gentry & Jackson, Kansas City, Mo., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

GARDNER, *Chief Judge.*

This appeal is from a judgment in favor of defendant in an action brought by plaintiff to recover damages for personal injuries received as the result of an automobile accident. The parties will be referred to as plaintiff and defendant respectively. Plaintiff in her complaint for her cause of action states that:

"* * * on or about the 26th day of April, 1957, she was operating a motor vehicle in a southerly direction on Broadway, a public street and thoroughfare in Kansas City, Missouri, and when at or near the intersection with 40th Street she brought the automobile she was driving to a stop in a line of traffic backed up from the signal lights at the next intersection south; that thereafter defendant Gloria Brown negligently and carelessly caused, permitted and allowed a motor vehicle she was then driving to run into and collide with the rear of the automobile being driven by plaintiff and as a result thereof plaintiff was thrown about the interior of said automobile and against the steering wheel thereof and injured as hereinafter set forth."

She then alleged the extent and character of her injuries and other allegations going to the measure of damages. Defendant's answer consisted of a general denial except as to the jurisdictional allegations of plaintiff's complaint, and affirmatively charged plaintiff with contributory negligence.

The accident happened on Broadway Street, Kansas City, Missouri. Both plaintiff and defendant were driving south on the middle of three lanes provided for southbound traffic, plaintiff being the next car ahead of defendant. Plaintiff's testimony as to how the accident happened, reduced to narrative form, is as follows: "I was driving south on Broadway on my way home; the weather was clear and the streets dry. It was a Friday evening and the traffic was normally heavy. There were three lanes for southbound traffic on Broadway

and I was driving in the middle lane. I was probably a block and a half north of the stop light at 39th and Broadway when the cars in front of me came to a gradual stop. I stopped also and was sitting there waiting for the traffic to move on. I glanced in my rear view mirror and saw that no car was too close behind me. I stopped 5 or 6 feet behind the car that was in front of me. I had been sitting there stopped for 10 or 15 seconds when my car was struck in the rear by Mrs. Brown's car. I was not watching my rear view mirror at the time and had no warning of an impending collision. Just about the moment of the impact the traffic ahead of me started to move; the force of the impact threw my car forward but it did not collide with the traffic ahead. My car was moved 7 to 10 feet forward by the impact; my purse and a small bag of groceries on the front seat fell to the floor." She also testified in some detail as to her injuries and as to symptoms which preceded a Caesarean child delivery. Defendant's version as to how the accident happened, reduced to narrative form, is as follows: "Before the accident I was traveling south in the center lane of Broadway. The traffic was very heavy. I was aware that a car was in front of me but I did not identify it. I was traveling at 10 to 15 miles an hour with the normal flow of traffic. I glanced away for an instant, probably looking to the left or right, or maybe at the rear view mirror. I don't recall particularly what it was that I glanced away for, except that it was something in relation to the traffic. I looked away for just an instant, and when I looked back, I saw the car ahead stop or just in the act of stopping. I put on my brake as quickly as I could and I was unable to swerve in either direction. I hit her bumper and the brakes were on before the impact. There was no jolt sufficient to cause me to be thrown around in my car. I inquired of Mrs. Ackelson if she was injured and she said she was not hurt. She told me that she was pregnant and she hoped nothing would happen. The car was in good mechanical condition and the brakes in good working order. I was traveling 20 to 25 feet behind the car ahead before the accident at a speed of 10 to 15 miles per hour. Before I looked away the car ahead was not slowing or stopping. Just a couple of seconds passed between the time that I saw a car ahead traveling at regular speed, looked away and then looked back."

Plaintiff produced evidence of a number of medical experts, the purpose of which was to show a causal connection between the injury received in the accident and the resulting premature Caesarean child birth. There was also testimony on the same question produced by the defendant. That of the plaintiff indicated a causal connection and that of defendant negatived such a connection. Dr. Thomas V. Batty who was plaintiff's doctor was produced as a witness and asked a hypothetical question which assumed as true all the facts in evidence bearing on plaintiff's physical condition following the accident including all facts which the doctor had learned relative to her condition subsequent to the accident by reason of being her attending physician, whether he had an opinion as to:

"* * * whether or not such an automobile accident as I have described might or could have brought on the excessive bleeding which you found this lady to suffer, the premature birth of the child, the nervousness, the tendency to cry, the other findings which you described, the back condition which you found this lady to have suffered, both on your first examination and your last examination?"

This was objected to on the grounds, among others, that:

"* * * it calls for the doctor to speculate as to what might or could have occurred; it calls for speculation, is not appropriate of course, and for those reasons I must object to the hypothetical question."

In sustaining this objection the Court said:

"Now, the use of the term 'might or could,' which was embodied in the objection made by Mr. Gentry I think is an improper question as being speculative. I think the proper question is an inquiry based on those findings and assumptions to determine whether or not, in the light of his own personal qualifications and his opinions, there was a causal connection rather than might or could have been."

Thereupon, counsel for plaintiff asked the doctor:

" * * * do you have an opinion as to whether or not there was a causal connection between the condition which you found and the automobile accident described? First, do you have an opinion? Then I want to find out what your opinion is. A. I don't think I have an opinion."

Following this ruling by the Court counsel for plaintiff offered to prove that if permitted to answer, the witness would testify, assuming the facts in the hypothetical question to be true, that the witness was of the opinion that:

" * * * these stated facts might, could, or would be the cause of the subsequent events described in evidence."

This offer of proof was refused. Plaintiff offered other expert testimony that in the opinion of the witness a causal relation did exist between the accident and the hemorrhages which followed. On the other hand, the defendant's expert witnesses testified that in their opinion there was no causal relation between the accident in question and the physical condition of the plaintiff. At the close of all the testimony defendant moved for a directed verdict, which motion was denied and the case was submitted to the jury on instructions to which neither side took exceptions. The jury returned a general verdict in favor of defendant, on which verdict the Court entered judgment:

" * * * that plaintiff take nothing by her complaint * * *."

From the judgment so entered plaintiff seeks reversal on the sole ground that the Court erred in sustaining defendant's objection to the hypothetical question propounded to one of plaintiff's expert witnesses by which she sought to prove that the accident in question might, could, or would have caused the various complaints of the plaintiff, and denying plaintiff's offer to prove that the expert witness would have so testified. Counsel for appellant has cited a number of decisions from the appellate courts of Missouri to the effect that the admission of such testimony in such cases did not constitute reversible error. He has, however, cited no cases to the effect that the rejection of such testimony constituted reversible error. The Supreme Court of Missouri has held that "might or could" testimony does not make a jury issue and is not substantial evidence. Kimmie v. Terminal Railroad Ass'n of St. Louis, 334 Mo. 596, 66 S.W. 2d 561, 565; Lewis v. National Bellas Hess, Mo.App., 152 S.W.2d 674; Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W. 2d 644, 646. In Adelsberger v. Sheehy, supra, the Supreme Court of Missouri said:

"Evidence that the condition might or could have been caused by either injury or disease without any substantial showing as to which of the possible causes did produce the condition, furnishes no basis from which a jury could determine the cause."

In this connection it is to be observed that the most that plaintiff sought to prove was that there might or could have been a causal relation between the accident and her subsequent ailments. Having been denied this right she thereupon produced evidence that in the opinion of the expert a causal relation did exist between the accident and the subsequent condition of plaintiff. This was certainly stronger evidence than the "might or could" evidence which the court rejected as speculative. It is well established that in cases where it is doubtful whether the opinion of experts

will be helpful to the jury in determining the ultimate fact, the admission or rejection of such evidence rests largely in the trial court's discretion and will not be reviewed unless manifestly erroneous. Gillespie v. Collier, 8 Cir., 224 F. 298; Gila Valley, Globe & Northern Ry. Co. v. Lyon, 203 U.S. 465, 27 S.Ct. 145, 51 L.Ed. 276. If, as held by the Supreme Court of Missouri, such evidence is not substantial it seems unlikely the Court would hold it error to reject it, particularly when the party complaining has without objection submitted proof that in the opinion of another expert such causal relation did exist.

The Court fully covered the issues in this case by its instructions. Among other instructions the Court instructed as follows:

"If under the evidence as it is presented here, you conclude that under the facts and circumstances as they existed at the time, driving in a heavy line of traffic as the evidence shows clearly, it was negligence on the part of Mrs. Brown, as I have defined negligence, to let her attention wander momentarily so that she was unable to avoid afterwards a collision with the Ackelson car, which was in front of her, and that she failed to exercise the highest degree of care in that connection, then your first issue for your determination is behind you.

"If, on the other hand, you find that what she did in permitting her attention to drift from the roadway immediately in front of her, did not constitute failure to exercise the highest degree of care, then the case stops right there because under those circumstances your verdict must be for the defendant. In this case, remember, no recovery is permitted by the plaintiff unless you first find that the defendant is guilty of negligence as I have defined it here, and if you find she was not guilty of negligence, as I have defined it, then, regardless of any other issues in the case, your verdict must be for the defendant."

The verdict in this case was a general one in favor of defendant and under these instructions the jury of necessity found that defendant was not guilty of negligence. These instructions specifically advise the jury that this was the first issue to be determined and if that issue were determined in favor of defendant then their verdict must be for defendant. If the defendant was not guilty of negligence the testimony with reference to the extent of plaintiff's injuries became wholly immaterial and the rejection of the "might or could" proffered testimony could in no event constitute reversible error. That testimony did not go to the question of liability but to the measure of damages and the jury having found that there was no liability it follows that the extent of plaintiff's injury or damages became immaterial. Dryden v. St. Louis Public Service Co., Mo., 264 S.W.2d 329; Bank of America National Trust & Savings Ass'n v. Hayden, 9 Cir., 231 F.2d 595; Erie R. Co. v. Schleenbaker, 6 Cir., 257 F. 667; Blanton v. Great Atlantic & Pacific Tea Co., 5 Cir., 61 F.2d 427. In the instant case no interrogatories or special verdicts were requested, but as observed the verdict was a general one in favor of defendant. Referring to the effect of such a verdict the Supreme Court of Missouri in Dryden v. St. Louis Public Service Co., supra, said [264 S.W.2d 332]:

"The jury having found for defendant on the issue of liability, consideration of the issue of damages was never reached by the jury and, therefore, plaintiff could not have been prejudiced by the error, if any * * *."

The same rule is announced in Blanton v. Great Atlantic & Pacific Tea Co., supra [61 F.2d 429], where it is said:

"Several assignments of error relate to charges and refusals to charge upon the elements and measure of damages. Since the jury found no liability whatever, it is

manifest that any inaccuracy affecting only the amount of damages was harmless."

We conclude that the court did not abuse its discretion in excluding the so-called "might or could" evidence and that in any event the plaintiff could not have been prejudiced by this ruling. The judgment appealed from is therefore affirmed.