**James W. BARNES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21736.**

United States Court of Appeals
Fifth Circuit.

Aug. 12, 1965.

Richard C. Belser, Vaughn Hill Robinson, Joe Phelps, Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before JONES and BROWN, Circuit Judges, and SHEEHY, District Judge.

JOHN R. BROWN, Circuit Judge:

This is an appeal from the Trial Court's judgment in favor of the Government in an FTCA claim for personal injuries.

The immediate question to be determined is whether the Trial Judge was clearly erroneous in finding the evidence insufficient to establish the cause of plaintiff's injury which would support a finding of negligence on the part of the defendant, United States. Plaintiff contends that this was a case for invoking res ipsa loquitur, and with its aid the evidence establishes imperatively that the injury would not have occurred in the normal course of events had the Government exercised ordinary care. This sets the stage for the basic question as to the elements of a claim which may be supplied by res ipsa loquitur. We think the Trial Judge correctly applied the doctrine, and pertinent fact findings are not clearly erroneous. We therefore affirm.

The facts of the case may be briefly stated. James W. Barnes, plaintiff, was a dealer in used and scrap automotive parts. On November 28, 1962, he went to a salvage yard at Fort Benning, Georgia for the purpose of purchasing scrap parts. While standing in the area of the yard where scrap metal bins were located, he was suddenly struck in the eye by an unidentified [1] object. His eye was severely wounded and as a result of the wound, aggravated by a diabetic condition which prevented proper healing, it ultimately became necessary to remove the eye.

The evidence established that four to five minutes prior to the accident a truck had completed dumping a load of scrap metal in a nearby bin. It is Barnes' theory, supported by expert testimony received at the trial, that the probabilities are that a piece of scrap metal in the newly loaded bin, while under tension, slipped causing a sliver of metal to be snapped off which struck him in the eye. The medical evidence revealed that the wound was nine millimeters in width. Barnes contends this further supports his argument.

The Trial Judge ruled that plaintiff's contention was pure speculation, and that the evidence would not support a finding that the defendant was guilty of any negligence which proximately caused Barnes' injury.

The key to the solution of this case lies in the Georgia answer to one question. Can the doctrine of res ipsa loquitur be properly invoked when the identity of the instrumentality causing the injury has not been established? We think it cannot.

Prosser states: "Negligence may be proved by circumstantial evidence. One type of circumstantial evidence, to which the courts have given the name res ipsa loquitur, arises where (a) the accident is of a kind which ordinarily does not occur in the absence of someone's negligence, and (b) the apparent cause of the accident is such that the defendant would be

---

[1] The object which struck plaintiff's eye was never found, and there was no direct evidence which would establish its identity. From the nature of the injury to the eye, it is certain, however, that it was very tiny and probably sharp.

responsible for any negligence connected with it, and (c) the possibility of contributing conduct which would make the plaintiff responsible is eliminated."[2]

 Although Georgia law, which is controlling in this case, requires the additional element that the evidence as to the explanation of the accident be more accessible to the defendant than to the plaintiff,[3] no problem on that score is presented.

Prosser amplifies the requirement of element (b) on cause. "The injury must be traced to a specific instrumentality or cause for which the defendant was responsible or it must be shown that he was responsible for all reasonably probable causes to which the accident could be attributed."[4]

This same idea is set forth in language which the Supreme Court of Alabama expressly approved.[5] "As a preliminary proposition, plaintiff must establish the thing that caused the injury, since while the doctrine of res ipsa loquitur permits an inference that the known act which produced the injury was a negligent act, it does not permit an inference as to what act did produce the injury, and there can be no foundation for the application of the doctrine where the physical act or thing which caused the injury is unknown or not disclosed or identified." 65 C.J.S. Negligence § 220(8).

It is clear Georgia follows this same approach. In Chenall v. Palmer Brick Co., 1903, 117 Ga. 106, 43 S.E. 443, 445, the Court emphasized that all that "the plaintiff should be required to do in the first instance is to show that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of, the *thing* doing the damage * * *." And this was reemphasized by approving in Sinkovitz v. Peters Land Co., 1909, 5 Ga. App. 788, 64 S.E. 93, the excerpt from the celebrated opinion in Scott v. London & St. Katherine Docks, 1865, 3 H. & C.

596, 601, that what we now know as res ipsa applies "where the *thing* is shown to be under the management of the defendant or his servants * * *." And we have given this post-*Erie* reading to the Georgia cases by requiring a "showing that the *offending instrument* was wholly in the control of the defendant * * *," Hotel Dempsey v. Teel, 5 Cir., 1942, 128 F.2d 673, 674. See also, Res Ipsa Loquitur And Its Application In Georgia, 14 Mercer L.Rev. 427.

Barnes relies heavily on Goodwin v. United States, E.D. North Carolina, 1956, 141 F.Supp. 445. In that case the plaintiff's boat was struck by unidentified objects knocking holes in it causing it to take water and sink. The objects which struck the boat were never recovered. But on expert testimony and the circumstances the Court held as a fact that in the greater probability, the offending object was a practice bomb remaining from Marine Corps aircraft practice bombing missions in the area.

Nor does Barnes gain any real benefit from the statement of the Supreme Court of Georgia in Macon Coca Cola Bottling Co. v. Chancey, 1960, 216 Ga. 61, 114 S.E.2d 517, 523: "for the application of the doctrine of res ipsa loquitur * * * 'the evidence need not be conclusive, and only enough is required to permit a finding as to the greater probability.'"

 What is missing here is a fact finding by the Trial Court on the physical cause of the injury. Res ipsa, as such, will not carry the day on that element. Of course, the identity of the instrumentality causing an injury may be established by circumstantial evidence. And once such a cause or identity has been established by an appropriate finding, the doctrine of res ipsa may properly be applied as to the element of negligence and perhaps legal, proximate causation. However, absent identification of the instrumentality of harm, the doctrine does

---

2. Prosser, Torts § 42 (2nd Ed. 1955).

3. Sinkovitz v. Peters Land Co., 1909, 5 Ga. App. 788, 64 S.E. 63.

4. Prosser, Torts § 42 (2d Ed. 1955).

5. Georgia Power Co. v. Edmunds, 1936, 233 Ala. 273, 171 So. 256.

not suffice since an important ingredient of res ipsa is control of the thing or operation causing the damage.

To bring the doctrine into play, it was first necessary that the Trial Judge find that it was a small fragment of metal coming off this salvaged material which entered the eye and did the damage. Had he made that finding, he could then have found negligence using res ipsa as a tool. But for valid and adequate basis, he did not make the first finding and without it, the second was immaterial.

The critical finding of the Trial Judge, made in the light of proper legal standards, comes here with the insulation of F.R.Civ.P. 52(a). The Court's finding was not clearly erroneous. There it ends.

Affirmed.