20799. HOLLOMAN *v.* HENRY GRADY HOTEL COMPANY.

DECIDED DECEMBER 18, 1930.

*Branch & Howard,* for plaintiff.
*Slaton & Hopkins, Troutman & Troutman,* for defendant.

LUKE, J. Mrs. Minnie G. Holloman brought suit under section 4424 of the Civil Code (1910), to recover damages for the accidental death of her husband, resulting from the alleged negligence of Henry Grady Hotel Company. The defendant demurred generally and on special grounds, the latter were sustained in certain par-

ticulars, and, an amendment being allowed subject to objection and demurrer, the general demurrer was sustained and the petition dismissed. Error is assigned upon the order sustaining the demurrer and dismissing the petition.

The allegations intended to show the negligence upon the part of defendant and upon which the plaintiff's case must rest are substantially that the plaintiff, an invitee, in the act of descending a marble stairway leading from the mezzanine to the main floor of defendant's hotel, lost his balance, and slipped and fell over the balustrade of the stairway into the stair-well, and sustained injuries resulting in his death. The petition as amended states that "this was due to the fact that he became sick or dizzy while he was in the act of going down said stairway, and by reason of the fact that his feet slipped on the slick, smooth surface of the marble stairs." Other allegations charge that the balustrade, because it was not more than twenty-eight inches in height, did not afford adequate protection against accidents of the nature of that which happened to the plaintiff's husband, "and that the smooth, polished surface of the steps or treads, combined with the unsafe balustrade, rendered the said stair-steps unsafe and dangerous."

It is conceded, of course, that the law imposes upon an innkeeper the duty of keeping his premises in a reasonably safe condition for the use of his patrons as well as invitees. He is not held to accountability as an insurer. Though in some jurisdictions an innkeeper is required to exercise a high degree of care with respect to the condition of his premises, the courts of our State do not seem to have subscribed to any such doctrine. In this case, then, in order that the plaintiff may be entitled to any recovery, the petition must allege facts showing in what respect the defendant's premises were not in reasonably safe condition, as the result of which the injury was sustained. It is said that "the smooth, polished surface of the steps or treads, combined with the unsafe balustrade, rendered said stairsteps unsafe and dangerous." We are of the opinion that this court may take judicial notice of the fact that marble is a proper material from which to construct a stairway. It has the sanction of centuries of use for that and other architectural purposes. There is nothing in its texture that renders it inherently slick and, therefore, unsafe and dangerous; and there is no suggestion in the petition in this case that any foreign substance was

deposited upon the steps to render them slick and dangerous. It is true that marble is a stone that admits of polish, but, even when polished, it is not naturally slick and dangerous, as we have indicated. Nor are we prepared to say that a balustrade not more than twenty-eight inches in height is ordinarily inadequate to afford reasonable protection to those using a stairway. That height extends above the knees of a man of average size, and ordinary care in its construction would not seem to suggest a greater height. It is not claimed that the balustrade was unstable or in any way defective—the complaint as to its condition is that, in combination with the polished marble stairway, the balustrade was "unsafe and dangerous."

Are such allegations as the foregoing to be regarded as sufficiently charging that the injury complained of was proximately caused by some act of negligence on the part of the defendant? Of course, the allegations of the petition are to be taken as true for the purpose of demurrer; but general allegations of negligence are not to prevail against the stated facts, and allegations inconsistent with or contradicting facts judicially noticed are nugatory and will be disregarded. *Rome Ry. &c. Co.* v. *Keel,* 3 *Ga. App.* 769 (2), 775 (60 S. E. 468); *Central of Ga. Ry. Co.* v. *Lawley,* 33 *Ga. App.* 375 (3) (126 S. E. 273). In order that it may appear that there is a cause of action, facts must be alleged to show some breach of duty on defendant's part—some failure to exercise ordinary care that was the proximate cause of the plaintiff's injury. In this respect, in our view, the petitioner here has failed. It was not error, therefore, to sustain the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*