### 29551.  UNITED THEATRE ENTERPRISES INC. *v.* CARPENTER.

DECIDED DECEMBER 2, 1942.

*Swift, Pease, Davidson & Swinson,* for plaintiff in error.
*Theo J. McGee,* contra.

STEPHENS, P. J.  Mrs. Louise Carpenter, a married woman eighteen years of age and separated from her husband, by Mrs. Alma Taylor, her mother as next friend, instituted suit against United Theatre Enterprises Inc., and alleged substantially as follows: The defendant operated in Muscogee County, Georgia, a moving-picture theatre known as the Royal Theatre.  On the night

of May 29, 1941, the plaintiff, accompanied by her two children, one seven months old and one two years old, and by her stepfather, attended the Royal Theatre. The tickets were delivered to a servant of the defendant in the theatre and the plaintiff proceeded down one of the aisles thereof to locate seats, carrying the youngest child in her arms. ·The defendant's ushers made no effort to aid the plaintiff in locating seats in the theatre. The plaintiff located seats, one of which was the fourth seat from the aisle, and proceeded toward this seat. When the plaintiff reached the third seat from the aisle she stepped into and slipped upon a slimy substance which was on the floor of the theatre which caused her to fall between the two rows of seats. Due to the fact that the plaintiff was holding her infant child she was unable to use her hands to arrest her fall. After the plaintiff fell she was picked up from the floor of the theatre by her stepfather and the theatre attendants and removed to her home. Due to the darkened condition of the theatre as the plaintiff entered, it was not possible for her to observe the presence between the rows of seats, without the aid of a light, of any article or substance on the floor. The servants of the defendant, the theatre attendants, immediately after the plaintiff fell, discovered that an intoxicated person had previously occupied the seat which the plaintiff was attempting to occupy at the time she fell. This intoxicated person had vomited on the floor at this place and this vomit caused the plaintiff to fall as above stated. The plaintiff alleged that the defendant knowingly admitted this intoxicated person to the theatre, and that it was the common practice of the defendant to admit persons to the theatre while under the influence of intoxicating liquor. The plaintiff alleged the following acts of negligence: admission to the theatre of a person under the influence of intoxicating liquors; failure of the ushers in the theatre to conduct petitioner to a seat and assist her in locating a seat; failure of the ushers to supply a light on the floor between the rows of seats where petitioner was walking, that she might discover on the darkened floor any article or substance which might endanger her; failure and neglect of the defendant to discover the vomit on the floor and to remove the same so that guests would not be injured; failure and neglect of the defendant to keep the premises in a safe condition so that petitioner as an invited guest would not be injured.

The defendant demurred to the petition on the ground that the allegations were insufficient in law and failed to set forth a cause of action, and because it affirmatively appeared from the allegations that there was no right of action against the defendant. The court overruled the demurrer and the defendant excepted.

At the time of her fall and alleged injury the plaintiff was an invitee of the defendant. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. Where one enters the premises of another for purposes connected with the owner's business conducted on such premises such person is an invitee, and the owner is liable in damages to him *for failure to exercise ordinary care* in keeping the premises safe. As stated in *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415), the owner or occupier of premises is liable for failure to warn invitees of dangers or defects in them of which the owner or occupier knew, or of which it was his duty to know, in the exercise of ordinary care. The owner of a motion-picture theatre is liable to its customers or patrons, who are invitees, when they purchase tickets and enter the theatre for the purpose of witnessing the show, where such owner is negligent in causing or allowing a slippery substance to be placed and remain on the floor in the theatre. See *Bonita Theatre* v. *Bridges,* 31 *Ga. App.* 798 (122 S. E. 255); *Perkins* v. *Publix Theatres Cor.,* 47 *Ga. App.* 641 (171 S. E. 147); *Pries* v. *Atlanta Enterprises Inc.,* 66 *Ga. App.* 464 (17 S. E. 2d, 902).

It is essential to recovery that it appear from the allegations of the petition that the defendant knew, or by the exercise of ordinary care ought to have known, of the presence on the floor of the theatre of the substance which caused the plaintiff to fall. *Babcock Bros. Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438); *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302). The petition does not contain allegations to this effect, or allegations from which the inference can be drawn that the defendant knew or had any reason to know of the presence on the floor of this substance. The fact that the defendant admitted persons to its theatre with knowledge that such persons were under the in-

fluence of intoxicating liquors would not of itself be sufficient to put the defendant on notice that an intoxicated person might reasonably be expected to vomit on the floor. There is no allegation that the person who did vomit and cause the substance into which the plaintiff stepped to be on the floor was nauseated or was likely to become nauseated and vomit. The mere admission into the theatre of an intoxicated person would not be negligence, and under the allegations of the petition the admission by the defendant of an intoxicated person to the theatre violated no duty of the defendant to the plaintiff. The petition contains no allegations of any facts from which it might reasonably be inferred that the defendant had any notice that the substance was on the floor or that an intoxicated person would likely cause vomit to be on the floor.

Under the allegations of the petition the fact that the defendant's servants did not conduct the plaintiff to a seat in the theatre and see that the plaintiff was safely seated did not cause her injuries. The plaintiff's injury was caused by the vomit on the floor, and before the defendant would be liable therefor it must appear that it knew, or in the exercise of ordinary care should have known, that this substance was on the floor. There is no allegation that the substance had remained on the floor for such a length of time that the defendant, through its servants in the exercise of ordinary care, should have discovered its presence.

The petition does not show any right in the plaintiff to recover. The judge erred in overruling the general demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*