34751, 34752. ROGERS *v.* ATLANTA ENTERPRISES, INC. (two cases).

DECIDED JANUARY 14, 1954—REHEARING DENIED MARCH 25, 1954.

904

*Arthur F. Copland, Paul Blanchard,* for plaintiff in error.
*Foley, Chappell, Kelly & Champion,* contra.

QUILLIAN, J. The only question for determination here is whether the trial court erred in directing verdicts in favor of the defendant. The evidence, construed in its light most favorable to the plaintiffs, would have authorized the jury to find facts substantially as follows: that Mrs. Rogers came into the theater, bought tickets, and was seated with her husband on aisle seats; that she had been to this particular theater before and was familiar with it; that she knew there was a popcorn concession in the lobby where popcorn was sold to persons attending the theater; that she had on previous occasions seen people buy popcorn and take it into the auditorium to eat while they were watching the programs, and on the occasion in question the popcorn stand was in operation as she passed by on her way through the lobby; that the theater auditorium was dimly lighted, as is customary during the projection of motion pictures; and that she could not see the floor, and did not find the popcorn box or know that it was there until she slipped on it at the time she was leaving. The plaintiff from her former visits to the theater was also on notice that there were no disposal compartments available to persons seated in the theater, in which to place empty popcorn containers or other refuse; that theater personnel did not come around cleaning out refuse from under the theater seats during

the time that the programs were going on; and that programs were continuous without intermission from the opening to the closing of the theater each day.

Code § 105-401, upon which this action is grounded, provides as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The petitions charge the defendant with constructive knowledge of the presence of popcorn boxes on the floor in the path of persons leaving their seats, and this allegation is supported by evidence that from 500 to 1,000 popcorn boxes were swept out of the theater every night. Accordingly, knowledge of the defective premises on the part of the defendant was sufficiently shown. See *United Theatre Enterprises* v. *Carpenter*, 68 *Ga. App.* 438 (23 S. E. 2d 189).

Further, we can not say that the action of a theater management in selling food, soft drinks, and so on to patrons, knowing that they will consume the same while seated in a darkened auditorium, that they have no means to dispose of the refuse except to throw it on the floor or carry it out with them, and that large numbers of patrons do throw refuse on the floor, combined with the failure of the management to provide places at or under the seats for placing such refuse, would constitute negligence as a matter of law. Such questions are ordinarily for jury determination. *Peek* v. *Baker*, 76 *Ga. App.* 588 (1) (46 S. E. 2d 751).

Neither does the evidence here demand a finding that the plaintiff invitee, in the exercise of ordinary care, could have seen the popcorn box upon which she tripped, when such evidence is construed in favor of the plaintiffs and in view of her own testimony as to the darkened condition of the theater and the fact that she could not see objects on the floor as she walked out into the aisle.

However, the evidence is undisputed that, while neither the plaintiff invitee nor the defendant had actual knowledge of the location of the particular box of popcorn on which the plaintiff tripped, both parties had equal knowledge and equal means of knowing that such popcorn boxes were likely to be on the floor, and that the floor would be unilluminated, because the presence

of the amount of light in a moving picture theater which would be necessary to clearly show up defects on the floor or carpet would be such an amount of light as would necessarily impair the visibility of the picture. The plaintiff invitee knew when she entered the theater that popcorn was being sold in boxes to patrons, she knew that there was no convenient place to dispose of the boxes, and she was chargeable, from her knowledge of the particular theater, that such discarded boxes might be on the floor. She also knew the lighting conditions before she entered, and when she took her leave. The duty of ordinary care that a patron owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. *Elrod* v. *Ogles*, 78 *Ga. App.* 376 (50 S. E. 2d 791). In either case, two elements must exist in order to merit recovery—fault on the part of the owner, and ignorance of the danger on the part of the invitee. *Hill* v. *Davison-Paxon Co.*, 80 *Ga. App.* 840 (57 S. E. 2d 680). As stated in *Hunt* v. *Thomasville Baseball Co.*, 80 *Ga. App.* 572, 573 (56 S. E. 2d 828): "The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking on the darkened floor would be likely to exist, and should have accordingly exercised ordinary care to avoid it. This the plaintiff invitee failed to do. By entering the theater under the circumstances here, she voluntarily assumed the risk that other patrons might negligently throw such cartons to the floor, and that they often did so, and, knowing that the management would not and did not attempt to clean them up during the progress of the entertainment, she assumed the risk of finding one of them in her path.

Her means of knowledge being equal with that of the defendant, it follows that she has failed to show a right of recovery based upon the acts of negligence alleged.

It might be added that a decision holding that the assumption-of-risk doctrine is not applicable as against an invitee in a place of amusement, the facts being equally known to both parties, would not only be contrary to the trend of authority, but would result in grave injustice to the proprietor. In the case of moving picture houses, under circumstances such as this, it would mean either (a) that the proprietor would have to keep the auditorium brightly lighted at all times, which would destroy the entertainment, or (b) that he would have to forbid patrons to bring popcorn and other refreshments into the theater, which would result in doing away with the business of the popcorn and other concessions. So far as appears here, the auditorium was thoroughly cleaned every night, and it is impracticable to have a thorough cleaning during the progress of moving pictures. Accordingly, the judgment of the trial court directing a verdict in favor of the defendants is without error.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

### CORRECTIONS.

Page 21, line 24 from top: strike words "by The Supreme Court."

Page 750, line 11 from top: change "defendant" to "plaintiff."