36290. JONES *v.* WEST END THEATRE COMPANY.

DECIDED JULY 11, 1956—REHEARING DENIED JULY 31, 1956.

*Grace W. Thomas,* for plaintiff in error.

*Robert E. Hicks, Nall, Sterne, Miller Cadenhead & Dennis,* contra.

TOWNSEND, J. █ The only difference between the first count of the petition and the second count which was added by amendment is that in the first it is alleged the plaintiff returned to his car by the same route as the one by which he went, while in the second it is alleged that he returned by a second route. Both counts show the same transaction, the same right on the part of the defendant, and the same injury. It was not, accordingly, error to allow the amendment. *Milton* v. *Milton,* 195 *Ga.* 130 (3) (23 S. E. 2d 411); *Spence* v. *Erwin,* 200 *Ga.* 672 (3) (38 S. E. 2d 394); *Maxwell* v. *Harrison,* 8 *Ga.* 61 (2) (52 Am. D. 385). It is perfectly permissible to add a new count by amendment in which the details of the transaction are varied to meet conflicting proof, and even as against the empirical argument that the plaintiff should necessarily know in which direction he walked, the deviation in factual allegation in the two counts does not make it subject to demurrer.

██ "Where one enters the premises of another for purposes connected with the owner's business conducted on such premises such person is an invitee, and the owner is liable in damages to him *for failure to exercise ordinary care* in keeping the premises safe. As stated in *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415), the owner or occupier of premises is liable for failure to warn invitees of dangers or defects in them of which the owner or occupier knew, or of which it was his duty to know, in the exercise of ordinary care. . . It is essential to recovery that it appear from the allegations of the petition that the defendant knew, or by the exercise of ordinary care ought to have known, of the presence on the floor of the theatre of the substance which caused the plaintiff to fall. *Babcock Bros. Lumber Co.* v.

*Johnson,* 120 *Ga.* 1030 (48 S. E. 438); *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302)." *United Theatre Enterprises, Inc.* v. *Carpenter,* 68 *Ga. App.* 438 (23 S. E. 2d 189). "The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' 2 Restatement, Law of Torts, § 343." *Hunt* v. *Thomasville Baseball Co.,* 80 *Ga. App.* 572, 573 (56 S. E. 2d 828). Count 1 of the petition fails to set out a cause of action because there is no allegation therein of knowledge of the defendant that the obstacle in the path of the defendant, a beer can, was present at the time the plaintiff was invited to come down to the concession stand. Only constructive knowledge on the part of the defendant is alleged, and it affirmatively appears that the beer can was not on the ground for more than 10 or 15 minutes at the most. The lights only stayed on between shows for that length of time, and in view of the alleged area of the parking grounds it would appear that the brief intermission between shows would not offer sufficient time to patrol the area for every bit of rubbish thrown to the ground, nor is it alleged that the defendant attempted to do so, but only that it cleaned up the grounds "nightly." A person attending a drive-in theatre where there are up to 800 cars, each containing one or more occupants and where there is a concession stand selling popcorn, soft drinks and like articles, must necessarily be aware that some of those persons would be likely to throw or discard some of their accumulated trash and beverage containers on the pavement below, and since he was present he is chargeable with knowledge that no attempt was made to clear up the terrain between the first and second shows. See in this regard *Rogers* v. *Atlanta Enterprises, Inc.,* 89 *Ga. App.* 903 (81 S. E. 2d 721). It should also be reasonably anticipated that patrons in cars will bring such containers onto the premises and discard them while in attendance. Nor is the petition aided materially by the other allegations that the defendant was negligent in failing to provide steps and walkways, failing to light the terraces and failing to light the area adequately. There must necessarily have been passageway over a part of the area other than by climbing the terraces since automobiles were provided with access. As to

lighting, the plaintiff knew that the lights were dim for the purpose of viewing the screen since he drove into the area and parked at a time when there were no lights, and he further necessarily knew that the intermission between the pictures would not last indefinitely. As was pointed out in *Rogers* v. *Atlanta Enterprises, Inc.*, supra, the plaintiff knew as well as the defendant that "the amount of light in a moving picture theatre which would be necessary to clearly show up defects on the floor or carpet would be such an amount of light as would necessarily impair the visibility of the picture." We do not hold, however, that this petition necessarily shows such negligence on the part of the plaintiff as to bar recovery, but do hold that it does not allege sufficient negligence against the defendant to sustain the action. In *Hill* v. *Davison-Paxon Co.*, 80 *Ga. App.* 840, 842 (57 S. E. 2d 680), where the court affirmed dismissal of a petition alleging that a department store was negligent in allowing water to accumulate near the entranceway during a rainstorm, so that the plaintiff slipped and fell on the floor, it was pointed out that "the storekeeper would not, as a matter of law, be required to keep this water removed at all times unless, due to some peculiarity of the floor or otherwise, its presence there created a hazard beyond that created on other areas, such as sidewalks, similarly constructed of concrete. Since this does not appear, the defendant was under no independent duty at all times to know of the presence of the water in order to remove it. Therefore, the allegation that 'the defendant knew of the presence of said water on the floor or in the exercise of ordinary care should have known of it' amounts only to an allegation of implied knowledge, and is insufficient for that reason. See *Babcock Brothers Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438)." It would impose too great a duty upon the proprietor of a place of amusement and would make him the insurer of the safety of all patrons, which he is not, to require him at all times to have immediate knowledge of and to remove every article on which a patron might stumble and fall when the article is placed there, not by the defendant or its employees, but by other patrons. It affirmatively appearing that the beer can had not been present for more than 10 or 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it. Count 1 fails to

set out a cause of action and the demurrer was properly sustained. *Sheraton Whitehall Corp.* v. *McConnell*, 88 *Ga. App.* 725 (77 S. E. 2d 752), *Wicker* v. *Roberts*, 91 *Ga. App.* 490 (86 S. E. 2d 350), *Rogers* v. *Sears Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64), *Wynne* v. *Southern Bell Tel. & Tel. Co.*, 159 *Ga.* 623 (126 S. E. 388), and *Robertson* v. *Liggett Drug Co.*, 81 *Ga. App.* 850 (60 S. E. 2d 268), cited by the plaintiff, deal with defects in the construction and maintenance of the building or approaches of which the defendant necessarily knew. *Miller* v. *Bart*, 90 *Ga. App.* 755 (84 S. E. 2d 127), and *King Hardware Co.* v. *Teplis*, 91 *Ga. App.* 13 (84 S. E. 2d 686) deal with negligence of the defendant's employee, of which the employee necessarily had knowledge which was chargeable to the defendant. No such knowledge is shown here, nor is a length of time shown such that the defendant in the exercise of ordinary care would have discovered the condition. While the case of *Duren* v. *City of Thomasville*, 92 *Ga. App.* 706 (89 S. E. 2d 840) is cited on the proposition that what is a reasonable time to put a defendant on notice of a defective condition is usually a jury question, the time alleged in that petition was two months or more. Accordingly, these cases are not controlling here.

■ As to count 2 of the petition, it is alleged that the beer can "had apparently been there for at least 24 hours as it had the appearance of having been out in the elements for a considerable length of time . . . and defendant in the exercise of ordinary care had the opportunity to remove the beer can, and was negligent in not doing so before petitioner stumbled thereon." Assuming that an allegation that the can had been there 24 hours coupled with allegations that the defendant, who had been operating the theatre for 2 years, knew that refuse including beer cans was discarded nightly by patrons from their cars and therefore did in fact clean up the premises every night, would together make a jury question as to whether the can had been on the ground a sufficient length of time for the defendant in the exercise of ordinary care to have discovered and removed it, the mere allegation that the can "had the appearance of being out in the elements a considerable period of time" is not an allegation that it was on defendant's premises for a period of time such as to charge him with notice thereof. Count 2 of the plaintiff's petition

like count 1 fails to allege facts showing that the can over which the plaintiff stumbled was on the premises a sufficient length of time for the defendant in the exercise of ordinary care for the safety and protection of its patrons to have removed it from the premises. Accordingly, the judgment of the trial court sustaining the general demurrer to both counts must be

*Affirmed. Gardner, P. J., and Carlisle, J., concur.*