### 37125. WATSON *v.* McCRORY STORES, INC.

TOWNSEND, Judge. 1. In an action for damages for injuries received by an invitee of a store as a result of falling upon a stairway, under Code §105-401 imposing upon the owner or occupier of land the duty of exercising ordinary care to keep the premises in safe condition as to invitees, the plaintiff, as against general demurrer, must allege negligence on the part of the defendant without at the same time barring herself from recovery by showing, through other facts, that she failed to exercise ordinary care for her own safety. *Pilgreen* v. *Hanson*, 89 *Ga. App.* 703 (81 S. E. 2d 18) ; *Hill* v. *Davison-Paxon Co.*, 80 *Ga. App.* 840 (57 S. E. 2d 680). Here, the petition alleges in substance that the plaintiff descended from the first floor to the basement of McCrory's, an Atlanta ten-cent store, by means of a marble or granite stairway, having 13 steps to a landing, 9 steps to another landing, then a turn and 3 steps to the basement floor, that a handrail was provided in the center of the stairway separating the movement of upward and downward traffic; that the steps were 8 or 9 feet long, 8 inches high and 8 inches in depth, that at that time, because of Christmas decorations, the ceiling light to illuminate the stairway was partially obscured and insufficient to give adequate light to the stairway and particularly the lower part so that it rendered it difficult to see the steps; that it was very difficult for the plaintiff to make out clearly the width and depth of each step of this stairway from the first landing downward; that

the dimness and other conditions alleged caused the steps to be deceptive; that as she proceeded downward the deception increased; that the luminous rays cast by the decorated lights, and the crowded condition of the store combined to render the lower portion of the steps dangerous and unsafe; that primarily because of the murky illumination she was unable to ascertain "whether said steps were six inches wide and could not tell the exact depth thereof and she did take a step and her right foot missed the step, save tip of her heel, and she did stumble, falter and tumble" to the basement floor.

From these allegations it appears that the plaintiff had descended 21 of the 25 steps when she slipped and fell. She complains that due to the dim light she could not tell the rise or tread of the steps, and if, under these circumstances, the defendant had negligently inserted a step of a different shape or color, and thus caused her to lose her footing, an action might lie. *Fuller* v. *Louis Steyerman & Sons, Inc.*, 46 *Ga. App.* 830 (2) (169 S. E. 508). But it appears that the step upon which she fell was exactly the same length, width and depth as the other steps she had just descended and in no way differed from them; that nothing in their construction amounted to negligence which caused her to fall, but that she tripped in the dim illumination because of difficulty of vision "at her age and she being unable to see without glasses to aid her sight." That under these circumstances one, by entering, assumes the risk of faulty illumination, see *Mattox* v. *Atlanta Enterprises*, 91 *Ga. App.* 847 (87 S. E. 2d 432); *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81); *Flournoy* v. *American Hat Mfg. Co.*, 21 *Ga. App.* 599 (94 S. E. 835); *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433); *Avary* v. *Anderson*, 31 *Ga. App.* 402, 404 (120 S. E. 683); *Frierson* v. *Mutual Realty Co.*, 48 *Ga. App.* 839 (174 S. E. 144). In the absence of any allegation to the contrary it must be assumed that the plaintiff, who could not see without her glasses, and who was aware of the Christmas decorations over the lights as she descended, tripped and fell as a result of misjudging her footing rather than because of the negligence of the defendant in constructing and lighting the stairway. See *McCrory Stores Corp.* v. *Ahern*, 65 *Ga. App.* 334, 336 (15 S. E. 2d 797).

There are allegations that "said steps are constructed of granite, marble or other stone," which does when worn or when damp

become slick and slippery, and persons using the same can easily stumble and fall, and the plaintiff failed and neglected to place any sort of safeguard or safety treadle at the tip of each step running lengthwise of some rough material," and also allegations relating to congestion on the stairway. In *Scott* v. *Rich's, Inc.*, 47 *Ga. App.* 548 (171 S. E. 201) a cause of action was sustained where it was alleged that the steps had become slick, slippery and round-edged from use and there was no guardrail or bannister present. In that case the court observed (p. 553), "If the stairway was no more worn and no slicker than those in ordinary use . . . in similar places, the defendant was guilty of no breach of duty," and that case was differentiated from *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275), where a cause of action was denied (p. 551), as follows: "Nowhere is it alleged that the steps had become slick and defective from use. As respects the condition of the steps, that decision holds that the maintenance of marble steps, the natural characteristics of which are that they are slick, smooth and slippery, is not negligence. The case is not authority for the proposition that it is not negligent to allow marble steps to become worn and slick, etc., and round-edged from use, where the steps are wide and there is no center guard-rail and the side guard-rails are far removed from the center, and the dangerous condition of the steps is augmented by the congestion on the steps of numerous patrons of the building." There is no positive allegation here that the steps were uneven, round-edged, or hollowed from use, and the petition shows that they were well equipped with both center and side bannisters available to the plaintiff and which she actually used as she descended. Thus, no negligence is shown in the construction or repair of the staircase.

2. The petition also alleges in the same count that there was on the fourth step from the bottom some foreign substance which caused the plaintiff to falter, slip and stumble when she stepped in it, that the defendant should have known of the presence of and removed such matter "whatever it was," that objects such as wads of chewing gum, match covers, fruit peelings, etc., "were being continually thrown by its many customers and the many children accompanying their moth-

ers,", and that the defendant should have taken proper precautions to protect the plaintiff and others from such matter. A proprietor of premises is not an insurer of the safety of persons thereon against all acts of co-invitees, and when it has used ordinary care to keep the premises safe it is not guilty of negligence. *Hill* v. *Davison-Paxon Co.*, 80 *Ga.* App. 840, supra. The allegation in paragraph 10 that the plaintiff slipped because she stepped on some foreign matter is contradictory to the allegation in paragraph 9 that because she could not tell the width of the step her right foot missed the step and she stumbled, but assuming that both happened simultaneously, the allegations that the steps were congested with customers and their children who were "continually" dropping such matter thereon affirmatively show the impossibility of keeping the steps at all times and in all events absolutely free of such matter even with the greatest diligence. In *Jones* v. *West End Theatre Co.*, 94 *Ga. App.* 299, 303 (94 S. E. 2d 135) it was held: "It would impose too great a duty upon the proprietor . . . and would make him the insurer of the safety of all patrons, which he is not, to require him at all times to have immediate knowledge of and to remove every article on which a patron might stumble and fall when the article is placed there, not by the defendant or its employees, but by other patrons." In *United Theatre Enterprises* v. *Carpenter*, 68 *Ga. App.* 438, 441 (23 S. E. 2d 189), a demurrer to a petition was likewise sustained for the reason: "There is no allegation that the substance had remained on the floor for such a length of time that the defendant, through its servants in the exercise of ordinary care, should have discovered its presence." See also *Rogers* v. *Atlanta Enterprises, Inc.*, 89 *Ga. App.* 903 (81 S. E. 2d 721). It does not appear from this petition that the defendant failed to use ordinary care to keep the stairway clean, or that it had actual knowledge of the foreign substance on which the plaintiff slipped. Accordingly, no actionable negligence is alleged.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED APRIL 17, 1958.

520

*Walter B. Fincher,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr., Robert F. Lyle,* contra.