### 42971. SCOTT v. GULF OIL CORPORATION.

JORDAN, Presiding Judge. This is a tort action for personal injuries. The plaintiff, Scott, a customer of the defendant, Gulf Oil Corporation, slipped and fell into the glass in the front door of one of the corporation's service stations at approximately 1:20 a.m. on February 26, 1966, sustaining personal injuries. He alleges negligence based on the presence of oil, grease, or some slick substance at the entrance. The trial judge sustained a motion for summary judgment for the corporation, from which Scott appeals. *Held:*

1. The brief of the plaintiff-appellant shows substantial compliance with Rule 17 of this court and there is no merit in the motion to dismiss the appeal for failure to comply with the requirements of this rule. See *Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534).

2. "A primary purpose of the summary judgment procedure is to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings." *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193).

3. We are not here concerned with any issue of proof with respect to the knowledge by the defendant or its agents of the presence of a slippery substance, or the failure to remove same within a reasonable time, for it is clear from the record that the controlling issue, as to a summary judgment for the defendant, is whether the record shows the absence of any slippery substance whatsoever on the floor. The defendant supports this theory by the testimony of the plaintiff, by deposition on January 30, 1967, that he did not know whether he stepped on any grease or oil at the time and never did find out what caused his fall; the affidavit of the station

manager who stated that immediately after the fall he removed the glass debris and found no evidence whatsoever of any oil or grease or slippery substance, and the affidavit of another employee of the defendant to the effect that within one minute after the accident he inspected the area and found no evidence of grease or oil, though by a subsequent affidavit he said he "did not look for any oil at the place where Ralph Scott fell." By affidavit subsequent to his deposition, the plaintiff stated that when he arrived at the hospital after the fall he noticed a dark spot of grease or oil on the bottom of his right shoe.

One essential to plaintiff's recovery is proof of his allegation that he fell due to a slippery substance on defendant's premises. While his statement that he saw a spot of grease on his shoe at the hospital might give rise to an inference that this caused his fall, it does not conflict with his statement that he did not see any grease or oil at the time he fell and other positive testimony that there was no grease or oil on defendant's premises at the place where plaintiff fell.

While recognizing that the party opposing a motion for summary judgment is entitled to the benefit of any reasonable and favorable inference (*McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408)), still the record must show a *genuine* issue of a *material* fact to authorize the denial of the motion. The facts here and any inferences that might be drawn therefrom are less favorable to the plaintiff's recovery than those set forth in *Dykes v. Hammock,* 116 Ga. App. 389, affirming the grant of defendant's motion for summary judgment.

Under the record in this case, the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

Argued September 11, 1967—Decided September 21, 1967.

*Emory Kinard,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, Harry L. Greene, Edgar A. Neely, III, Raymond H. Vizethann, Jr.,* for appellee.