## 43171. W. T. GRANT COMPANY v. PHILLIPS.

ARGUED NOVEMBER 6, 1967—DECIDED NOVEMBER 14, 1967.

654

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.*, for appellant.

*Shi & Raley, F. R. Raley*, for appellee.

EBERHARDT, Judge. In *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347 (156 SE 275) it was held that no cause of action arose from slipping and falling on marble steps which presented a slick, smooth polished surface on which to step. We can see no difference in marble and terrazzo tile as a material for steps. There is nothing in the texture of either to render them inherently dangerous, and both are in common use as building materials. As was pointed out in that case "there is no suggestion in the petition in this case that any foreign substance was deposited upon the steps to render them slick and dangerous." See also *Watson v. McCrory Stores*, 97 Ga. App. 516 (103 SE2d 648). And here, particularly in connection with the evidence presented on the motion for summary judgment, it appears both from the plaintiff and other witnesses who examined the steps immediately after Mrs. Phillips fell that there was no foreign substance on the steps, that they were clean, and in addition that the steps had safety or abrasive inserts in the treads. Photographs of the steps in the record indicate that they are well constructed, with abrasive or safety inserts, and with handrails on each side and one running down the middle, and are well lighted. Although Mrs. Phillips testified that the steps had no abrasive safety treads, the photographs wholly refute this.

Mrs. Phillips' only contention is that there was a "slick spot" on the step. No negligence on the part of the defendant appears. The physical facts here do not support her or bring this case within the ruling of *Scott v. Rich's, Inc.*, 47 Ga. App. 548 (171 SE 201), *Townley v. Rich's, Inc.*, 84 Ga. App. 772 (67 SE2d 403), or *Belk Gallant Co. v. McCrary*, 88 Ga. App. 829 (78 SE2d 198). Nor are the cases involving waxed and highly polished floors (*Clayton v. Steve-Cathey, Inc.*, 105 Ga. App. 570 (125 SE2d 118)), or waxed and soapy steps (*Burns*

*v. Great A. & P. Tea Co.,* 105 Ga. App. 823 (125 SE2d 687)), or other foreign substances on the steps or floors (*S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32) ; *Etheridge Motors, Inc. v. Haynie,* 103 Ga. App. 676 (120 SE2d 317)), or rugs on polished floors (*Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251) ; *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826)), and the like, relevant in this situation.

The motion for summary judgment should have been granted. Cf. *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526). This obviates any necessity for dealing with the ruling on the general demurrers.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*