43768. FERRY v. COLLINS.

Argued July 2, 1968—Decided September 12, 1968—Rehearing denied October 8, 1968—

*Vernon W. Duncan, Russell A. Ford, Sr.,* for appellant.
*Greene, Buckley, DeRieux, Moore & Jones, James H. Moore,* for appellee.

Quillian, Judge. The plaintiff's deposition was filed in support of the motion for summary judgment. She testified in part: "Q. And do you know what caused you to slip? A. No, I don't. The garage seemed to be perfectly clean. There wasn't anything, I didn't see anything on it. Q. Let me ask you this: Either before you slipped or after you slipped, at any time, did you see anything on the floor that, that you could say that might have caused you to slip, like a pencil,—A. No. Q.—grease spots,—A. No. I didn't see anything. Q. Getting back to the garage, the floor of the garage where you fell, did I understand you to say that so far as you could tell that it looked

clean? A. Yes, it did. Q. And you didn't see anything on the floor? A. No. I didn't. Q. Either before the accident or after it? A. Well, I didn't look afterwards. And I knew—I was hurting so bad, it wasn't—Q. Did there appear to be any rainwater in that portion of the garage where you fell? A. No, I don't think so. Q. So, so far as you could tell it was dry and clean—A. That's right. Q. —and smooth? A. Yes."

The defendant's deposition was also made a part of the motion. In regard to the condition of the garage floor she testified in part: Q. Would you tell me if there was anything on the floor? A. No, sir. Q. Any oil or any substance? Has there ever been any there? A. No, sir. Q. Is it a smooth concrete or rough concrete? A. It's smooth concrete. Q. And has anyone ever fallen there before? A. No, sir. Not at all. I have never fallen in my garage. Q. You've never fallen in your garage yourself? A. No, sir. I've never fallen there."

The plaintiff's own testimony contradicted the allegation of the petition which alleged that she stepped on a "slippery substance" which caused her to fall. The very basis of the plaintiff's claim was the allegation that the slippery substance caused her to fall and that the defendant had knowledge that the dangerous condition existed. Under the facts of this case the defendant would have been entitled to a directed verdict if the case had gone to trial under the above evidence. A motion for summary judgment being analogous to a directed verdict (*McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408)), the judge did not err in sustaining the motion. *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391 (157 SE2d 526).

The plaintiff contends that there is an issue of fact because she testified that immediately after she fell the defendant said: "I shouldn't have told you to come in that way. I fell there once myself." Even admitting that the defendant made the statement, it would not establish that there was any slippery substance on the floor. At best it would only establish that the defendant had fallen in the same place; however, the cause of her fall would be pure speculation. The defendant's testimony that the floor was clean and that there was no oil or any other substance on the floor was uncontradicted.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*