## 45707.   BROWN v. J. C. PENNEY COMPANY, INC.

EBERHARDT, Judge. This is an appeal from the grant of a summary judgment. Plaintiff below alleged in her petition that she had suffered injury when she fell on a slippery step of the escalator in defendant's store, about which she had not been warned. Defendant denied that it had been guilty of any negligence, and moved for summary judgment, submitting interrogatories and plaintiff's answers, her deposition and an affidavit of a security guard who was present in the store at the time plaintiff fell. From the grant of summary judgment plaintiff appeals. *Held:*

There is no disagreement with the proposition that one who moves for summary judgment has the burden of demonstrating that the opposite party can not lawfully recover. Every judge on the court has joined in that holding several times.

But in instances when the burden has been carried, as here, if we should hold that the grant was not proper we would, in effect, be nullifying the Summary Judgment Act, now included in § 56 of the Civil Practice Act. It would render the Act meaningless, and one can not conclude that this is the case. It has served and serves a useful purpose, viz., to eliminate the necessity of a

trial by jury when there is no genuine issue of fact to be tried. *Lampkin v. Edwards,* 222 Ga. 288 (1) (149 SE2d 708); *Manning v. A. A. B. Corp.,* 223 Ga. 111, 117 (153 SE2d 561); *Butterworth v. Pettitt,* 223 Ga. 355, 357 (155 SE2d 20).

If the evidence introduced by movant pierces the pleadings and discloses the absence of a right of recovery, the grant of summary judgment is proper and should follow. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156), both approved in *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580).

The defendant pierced the pleadings. The plaintiff's deposition was taken, in which she testified: "Q. Just exactly how did you fall? A. My foot slipped. I stepped on it and out it went and I tried to catch. I still had this foot on the step above, and I tried to catch but *I lost balance.* . . Q. Now did you know what caused you to fall? A. Well, the step was slippery. I don't know what caused it to be slippery, but it was slippery, and my foot just slipped out, and I fell. . . Q. You didn't see anything on the step did you? A. *I didn't see anything on the step* but I felt it, real slippery and my foot slipped. Those shoes were not slippery shoes, nor the sole. Q. I understand, but you say you did not see any substance on the step? A. No, *I didn't notice any.* Q. You didn't see anything like candy, or a glob of grease or anything like that did you? A. No, *I didn't see anything on the steps.* Q. The step was slippery, is that what you said? A. That's right. Q. The step itself? A. Well, it must have been something on there because it was real slippery, although *I can't say that I really saw something on the step* because it all happened so quickly. Q. You never have seen anything, any foreign particle on the step, is that right? A. *I didn't see anything at that time on the step.* Q. Have you ever seen anything on the step—did you see anything on the step after your fall? A. No, we didn't check the steps after I fell . . . Q. Now the escalator didn't do anything itself to cause you to fall, did it? A. *I don't think the escalator had anything to do* with it, because it didn't jerk; it was just the step was slippery. . . Q. You have never seen any foreign substance on this step or on your shoe, any foreign substance? A. No. Q. *And you don't know how*

*long, of your own personal knowledge, you don't know how long that step had been slippery, do you?* A. *No.* Q. And you didn't know it was slippery before you got on it? A. No, I didn't."

Sgt. Coye James of the Savannah Police Department, who was working as a security guard at the defendant's store at the time, testified by affidavit that immediately after plaintiff fell he went to the escalator, carefully examined all of the steps, found *no oil, grease or other foreign substances on any of them,* saw nothing to cause one to fall, *no worn or defective steps,* and that when the escalator was started again it operated normally.

This evidence, tendered by movant, pierced the pleadings, and, as the Supreme Court asserted in *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304, supra, plaintiff "had [her] choice of producing counter proof and thus make an issue of fact, or do nothing, that is, create no issue of fact and suffer judgment."

Even if it be said that her pleadings raised an issue of fact it would not prevent summary judgment. "If issues of fact made by the pleadings will prevent summary judgment and require a jury trial, then it would be futile to produce evidence upon the hearing of a motion for summary judgment... We believe the Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, if when given notice and an opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail." *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303, supra.

Plaintiff did nothing. She submitted no counter proof. We can find no basis for distinguishing the situation here from those in *Collins v. S. H. Kress & Co.,* 114 Ga. App. 159 (2) (150 SE2d 373); *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526); *W. T. Grant Co. v. Phillips,* 116 Ga. App. 650 (158 SE2d 312) and *Martin v. Sears Roebuck & Co.,* 120 Ga. App. 67 (169 SE2d 718), and others of like import.

Any other result would amount to holding the storekeeper to liability as an insurer of the safety of the premises, and this is

not his obligation. "It should be borne in mind that the merchant, the occupier of the building, is not an insurer. As has been said in one case, 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use.' *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 340 (15 SE2d 797)." *Tinley v. F. W. Woolworth Co.*, 70 Ga. App. 390, 393 (28 SE2d 322. "It would impose too great a duty upon the proprietor . . . and would make him the insurer of the safety of all patrons, which he is not, to require him . . . to remove every article on which a patron might stumble and fall when the article is placed there, not by the defendant . . . but by other patrons." *Jones v. West End Theatre Co.*, 94 Ga. App. 299, 303 (94 SE2d 135). Accord: *Feldman v. Whipkey's Drug Shop*, 121 Ga. App. 580 (174 SE2d 474).

Here it does not appear that either the defendant or some other patron had put *anything* on the escalator step, nor does it appear that the defendant had any knowledge of any unsafe condition relative to the step, actually or constructively. See *United Theatre Enterprises v. Carpenter*, 68 Ga. App. 438, 441 (23 SE2d 189); *Boatright v. Rich's, Inc.*, 121 Ga. App. 121 (5) (173 SE2d 232). And compare *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347 (156 SE 275). Summary judgment was properly entered.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Deen, Quillian, Whitman and Evans, JJ., concur. Pannell, J., dissents.*

ARGUED OCTOBER 6, 1970—DECIDED JANUARY 28, 1971.

*B. Clarence Mayfield,* for appellant.

*Bouhan, Williams & Levy, Frank W. Seiler,* for appellee.

PANNELL, Judge, dissenting. As appellee says in his brief "this is another fall down case." Claimant appellant brought an action against the defendant appellee alleging that she slipped and fell on a greasy or slippery substance on the escalator steps in the defendant's store, the complaint alleging that the defendant was negligent in allowing the slippery substance to remain on the es-

calator steps and in failing to inform the plaintiff of the presence of the slippery substance and the danger thereof. The defendant made a motion for summary judgment depending upon plaintiff's answer to the defendant's interrogatories, the depositions taken by the defendant and an affidavit of an employee of the defendant. The plaintiff's answers to interrogatories showed that she was on the premises as an invitee, that she started down the escalator and "as I stepped on the first step *I slipped on something slippery on the top steps* and lost my balance and fell against the steps." She testified further that she sustained certain injuries, etc. In the deposition taken by the defendant the plaintiff testified that as she stepped on the first step of the escalator her foot slipped, that "the step was slippery, *I don't know what caused it to be slippery,* but it was slippery and my foot just slipped out and I fell." She stated that she did not see anything slippery on the steps as she did not look after she fell and that she did not see anything slippery on the steps before she fell, but that *she felt something slippery on the steps* and that "it must have been something on there because it was really slippery." She further testified that she did not examine her shoes after she fell. The escalator was stopped after she fell. In the affidavit of the employee of the defendant, he testified that after the complainant fell "I carefully examined all of the steps including the top and the bottom. I found no evidence of any grease, oil or any other foreign substance which would have caused her to fall. I cut the escalator back on and again checked it and found nothing wrong. There was no mechanical defects and there were no worn or defective steps. I asked Mrs. Brown if she wanted to go to a doctor and she replied, 'No, I lost my balance and my foot slipped—I don't know why.' "

The testimony of the plaintiff and that of the employee of the defendant is sufficient to make a jury question as to whether, at the time plaintiff slipped and fell, there was a foreign slick substance on the escalator steps. The defendant contends however that the plaintiff failed to prove that the foreign substance had been on the steps a sufficient length of time to have constituted notice of such condition to the defendant. Plaintiff had no such burden. "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at

least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805). 'This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.' Moore's Federal Practice, Vol. 6 (2d Ed.), par. 56.15 [3], p. 2342. See also *Colonial Stores v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256); *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298)." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114), followed in *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789 (1c) (178 SE2d 710). The burden was on the defendant to prove that no foreign or slippery substance had been on the step of the escalator for a sufficient length of time to have constituted notice to the defendant of such condition. While the evidence of its employee might have authorized such a finding, it did not demand such a finding *in view of the complainant's testimony that a slippery substance was on the step at the time she fell and that it caused her fall.* The burden being upon the defendant to prove the non-existence of this essential fact necessary to complainant's recovery and to prove it with evidence which demands a finding in its favor, and it having failed to carry this burden, the trial court erred in granting its motion for summary judgment. Neither *Martin v. Sears, Roebuck & Co.,* 120 Ga. App. 66 (169 SE2d 718) nor *W. T. Grant Co. v. Phillips,* 116 Ga. App. 650 (158 SE2d 312), nor *Collins v. S. H. Kress & Co.,* 114 Ga. App. 159 (150 SE2d 373) nor *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526) require a different ruling here, in which latter case there was no evidence there was anything slippery on the steps and no evidence that the plaintiff fell because a foot slipped *on* something slippery on the steps.

The majority give lip service to the rule that where the defendant, on whom the burden of proof, upon the trial of the case,

does not lie, makes a motion for summary judgment, the burden is upon the defendant to affirmatively disprove some essential element of the plaintiff's case by evidence which demands such finding; and that the mere absence of evidence proving the plaintiff's case is not sufficient to authorize a summary judgment for the defendant, although upon the trial a verdict for the defendant would be demanded because of the failure of the plaintiff to prove its case as alleged, this court has consistently stated the rule and on numerous occasions has as consistently ignored it. That they have done so in the present case and have placed the burden upon the plaintiff in a defendant's motion for summary judgment is shown by the following excerpts from the majority opinion. "Here it does not appear that either the defendant or some other person had put anything on the escalator step, nor does it appear that the defendant had any knowledge of any unsafe condition relative to the step actually or constructively." Under the very rule which the majority acknowledge exists and which they acknowledge applies to the present case, the burden would be on the defendant to affirmatively prove by evidence demanding a finding that there was nothing on the step and affirmatively prove (there being an issue as to whether something was on the step) that the defendant had no knowledge of such condition either actually or constuctively. The majority, in their argument in support of their conclusion, ignore the very rule which they acknowledge exists and is the true rule to be applied to such a case as the present one. We are not here concerned with whether the plaintiff, under all of the evidence adduced could recover upon the trial of the case. We are concerned here only with whether the defendant has proven by uncontradicted evidence (1) that there was nothing slippery on the steps; and that if there was an issue as to this that (2) the defendant did not have actual notice or implied notice of it. This the defendant did not do. It was therefore not entitled to summary judgment. I would reverse the trial judge.